### BANKER v. WILLARD et al.

(Supreme Court, Appellate Division, Third Department. December 12, 1899.)

CONTRACTS—BREACH—DAMAGES.

Where defendants agreed to pay plaintiff a certain price for all ice "used by them" for two years, plaintiff cannot recover on this contract for ice used by defendants, purchased from other parties.

Appeal from Fulton county court.

Action by Albert M. Banker against Reuben W. Willard and Samuel Stockamore. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and KELLOGG, JJ.

N. H. Anibal, for appellants.

N. M. Banker (Edgar A. Spencer, of counsel), for respondent.

KELLOGG, J. This is an appeal from a judgment of the county court of Fulton county affirming a judgment of a justice court. The judgment is for a trifling sum, but may be used by plaintiff as establishing rights of action in his favor against these defendants for very considerable sums; hence its review is of some importance. The action is based upon a written agreement for the delivery of ice at stated prices during the years 1898 and 1899. The complaint is in writing, and sets forth the agreement in full, one clause of which reads as follows: "And the said Willard and Stockamore, in consideration thereof, agree to pay said Albert M. Banker the said prices for all ice used by them for and during the years 1898 and 1899."

The complaint then alleges that since the execution of this agreement "the defendants have received and used 1,500 pounds of ice, of the value of $2.62, which they have not paid this plaintiff for." The complaint does not, however, allege that plaintiff delivered this ice, or caused it to be delivered, and leaves it for any inference the literal language of the contract permits. The answer is in part a general denial. The proof is undisputed, and establishes that defendant did use, after the contract was made, 1,500 pounds of ice, but it also conclusively shows that this ice was not delivered by plaintiff, but was purchased by defendants from other parties,—perhaps in violation of the terms of the contract; and the proof also shows that defendants have paid the plaintiff for all ice delivered by him. In view of the proofs and the peculiar wording of the complaint, I think the learned county judge gave an erroneous construction to the cause of action in holding that plaintiff sought to recover for ice delivered by himself. It is quite plain, I think, that plaintiff construed his contract to mean that defendants must pay him for all ice they used, whether procured from him or from others, and that his action was to obtain pay for ice at the contract price furnished by others. That this contention cannot be sustained needs no argument. The plaintiff may have a right of action against defendants for a breach of the contract, but the measure of his damages is not necessarily the contract price of the ice. No proof of the actual damages, if any suffered, was offered. The plaintiff himself was a witness, and did not pretend that this ice was delivered by him or by others for him.

I think the judgment should be reversed, with costs to appellants in all the courts. All concur.